PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR MERCADO, | ) | |
| | ) | CASE NO. 4:13CV1194 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Victor Mercado is a federal inmate incarcerated at Defendant Northeast Ohio Correctional Center ("NEOCC"), a prison owned and operated by Defendant Corrections Corporation of America ("CCA"). Plaintiff filed this *Bivens*[1] action against Defendant Federal Bureau of Prisons ("BOP"), NEOCC and CCA. In the Complaint (ECF No. 1), Plaintiff alleges he has been denied proper dental care. He seeks monetary relief and a writ of mandamus compelling Defendants to provide him with dental treatment.

## I. Background

Plaintiff alleges that he has been a prisoner at NEOCC for 22 months and, during that time, has repeatedly requested treatment for cavities but has received little to no dental care. He contends that prior to arriving at NEOCC, he received a dental exam on July 29, 2011 while incarcerated in the Metropolitan Detention Center ("MDC") Brooklyn, New York, which purportedly revealed the need for "extensive dental work." ECF No. 1 at PageID #: 3.

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

(4:13CV1194)

Specifically, Plaintiff states he has 13 cavities. Plaintiff asserts since he has been at NEOCC, he has filed "numerous grievances" seeking treatment for his cavities, but all of his grievances have been denied by NEOCC. *Id.* He filed appeals from the denied grievances to the BOP, which were also denied. *Id.*

On April 17, 2013, one of Plaintiff's cavities was filled. When Plaintiff questioned NEOCC about his remaining cavities, he was instructed to fill out a dental sick-call request. *Id.* at PageID #:4. Plaintiff did so and, in response, was informed that he would have to wait another 8 months for treatment of his remaining cavities. *Id.* Plaintiff alleges if he is required to wait any longer for dental treatment, his release date, October 1, 2013, will arrive first and, as a result, he will have been held for a total of 26 months while suffering from a "deplorable dental condition" in violation of his rights under the Eighth Amendment. *Id.*

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:13CV1194)

defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). See also Lawler, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." Id. (citation omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

(4:13CV1194)

### III. Law and Analysis

    A.    *Bivens* Claims Against the United States

As an initial matter, Plaintiff cannot assert a *Bivens* claim against the BOP. The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941). Congress defines the exact terms and conditions upon which the government and its agencies may be sued and the terms of its consent define the parameters of federal court jurisdiction to entertain suits brought against the United States. *United States v. Orleans*, 425 U.S. 807, 814 (1976); *Honda v. Clark*, 386 U.S. 484, 501 (1967). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *United States v. King*, 395 U.S. 1, 4 (1969); *Soriano v. United States*, 352 U.S. 270, 276 (1957).

*Bivens* provides a cause of action against individual officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). The United States has not waived sovereign immunity for itself or for any of its agencies for a *Bivens* action. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994). Because the only claims Plaintiff asserts against the BOP are *Bivens* claims, the BOP must be dismissed from this action. *Okoro v. Scibana*, 63 Fed.Appx. 182, 184 (6th Cir. 2003) (stating that a federal prisoner can not bring a *Bivens* action against the BOP).

    B.    *Bivens* Claims Against NEOCC or CCA

CCA, which owns and operates NEOCC, is a private corporation. To avoid imposing asymmetrical liability costs on private prison facilities, the Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. *Malesko*, 534 U.S. at

(4:13CV1194)

70-74 (pointing out that when a prisoner in a BOP facility alleges a constitutional deprivation, his only remedy lies against the offending individual officer). Plaintiff therefore cannot bring *Bivens* claims against CCA or against NEOCC, the prison it operates. *Shan Wei Yu v. NEOCC*, No. 4:12CV0507, 2012 WL 6705857, at *3 (N.D. Ohio Dec. 26, 2012) (Pearson, J.).

    **C.**     **Request for Mandamus Relief**

Plaintiff petitions the Court to issue a writ of mandamus to compel Defendants to provide him with dental treatment for his cavities. The Court, however, cannot grant this relief. Congress provided district courts with mandamus jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To obtain relief under this statute, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *See Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984); *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir. 1995); *Ryon v. O'Neill*, 894 F.2d 199, 205 (6th Cir. 1990). Here, Plaintiff seeks relief from a private prison corporation, not from an officer or employee of the United States. The Court lacks jurisdiction to grant mandamus relief against CCA or NEOCC. *See Govereh v. Pugh*, No. 4:12CV697, 2012 WL 3683541, at *2 (N.D. Ohio Aug. 22, 2012) (Gaughan, J.), *appeal dismissed*, No. 12-4208 (6th Cir. Jan 22, 2013).

**IV. <u>Conclusion</u>**

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

(4:13CV1194)

faith.

    IT IS SO ORDERED.

| | |
|---|---|
|  July 31, 2013 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |